Pearson, C. J.
 

 The evidence in support of the allegation, that the defendant,
 
 at tl\& time of the sale,,
 
 and
 
 as aj>art of itY
 
 warranted the slave to be sound, (for, if made afterwards, it was
 
 nudum gpaetum)
 
 was very slight. Two witnesses, who were present at the time of the sale, say “they heard nothing said about a warranty,” and one of the two witnesses, who depose to the conversations which are relied on as furnishing an inference that there was a warranty, recites the words in the alternative, and in one aspect, they do not furnish any evidence of a warranty, i. e., “ you have always acknowledged to me, that you warranted Jack to be sound,” or,
 
 “¡that you told me he was sound.”
 

 This evidence is referred to, for the purpose of showing,
 
 *124
 
 that in respect to the question, did the defendant, at the rime of the-sale, warrant the .slave to be .-sound, it was of the highest importance that no room should be given for misapprehension on the .part of the jury.
 

 This Court is of opinion that the defendant has good ground, of complaint against that part of his Hdnor’s charge, in which he says, “and in this connection, and
 
 wider the circumstances,
 
 they need pay no attention to the fact that the defendant was acting as executor.”
 
 We
 
 -confess we are unable to apprehend the idea his Honor meant to convey -by these words. An executor 'may bind himself individually, by a warranty of soundness in selling a slave of the estate;; there is no doubt of that; and it only required direct words to express it. “In this connection,” that is, in .reference to the allegation of a warranty, “and-under the oircnmstances”- — -What circumstances? All the.circumstances.atteuding the dealing 3 if so, in the opinion ■of this-Court, -it was very needful that the jury, in passing on. the question of warranty or no warranty, should take into consideration the fact that the defendant was acting as exeeutor, for it was' a circumstance having an important bearing on the «question. One circumstance was that the warranty was not proved .by direct testimony, .and was left as .a mere matter of inference, to be drawn from .a recital of conversations, in respect to which (however truthful the witnesses might be) there t<*as danger of misapprehension. Another was, that the price of the slave.had been fixed by-a previous valuation, and there was no ¡enhancement of the price, by reason of the supposed warranty. Another was, that the co-executor of the defendant, was not.required to join in the warranty. “Under the circumstances,” therefore, it was a matter for the most serious consideration of the jury, why should the defendant have volunteered to make himself personally liable by adding a warranty ¡as a part of the-trade. There is error.
 

 Per Curiam,
 

 Judgment reversed.